# J. M. WISE AND ANOTHER v. W. F. MORRISSEY AND ANOTHER.[1]

December 22, 1916.

Nos. 20,067—(173).

**Sale — holding out as partners — failure to disprove.**

Action for price of goods sold to defendants as partners. Appellants' answer denied the partnership and the sale. Plaintiffs' proof was convincing that the goods were sold on the strength of defendants holding themselves out as partners by advertisement and by their mode of doing business. *Held:* Plaintiffs made a *prima facie* case which could not be overcome by simply showing that no partnership existed. It did not appear that appellant had any evidence that there was no holding out of a partnership by him, or that plaintiffs had knowledge of the true situation, or that the sale was not made in reliance on the holding out. Judgment affirmed. [Reporter.]

Action in justice court by the partners doing business as C. Wise & Sons to recover $11.35. From the judgment in favor of plaintiffs, defendant appealed on questions of law alone to the district court for Wabasha county. The appeal was heard before Granger, J., who made findings and affirmed the judgment entered in justice court. From the judgment entered in district court pursuant to the order for judgment, defendant appealed. Affirmed.

*Henry W. Morgan,* for appellant.
*George H. Hammond,* for respondents.

PER CURIAM.

Suit against defendants for the balance of $11.35 of a bill of goods alleged to have been sold to them as partners by plaintiffs. The separate answer of defendant W. F. Morrissey denied the partnership and the sale. Plaintiffs' proof did not establish a partnership in fact, but it was convincing that the goods were sold upon the strength of defendants holding themselves out as partners by advertisements to that effect and by their mode of doing business, both occupying for that purpose one store room. The evidence is ample that both appellant and the other defendant approved of the wording of their business advertisements, published in both the local newspapers, which tend clearly to convey the idea that defendants were partners in business.

[1]Reported in 160 N. W. 487.
135 M—31

Therefore it was not error to refuse to dismiss when plaintiffs rested. As one of the steps in the defense, it was perfectly proper to prove that there was no partnership in fact between defendants. There was error in excluding such proof. But this error is insufficient to reverse. Plaintiffs had made a *prima facie* case which could not be overcome simply by showing that no partnership existed between defendants. This defendant would have to go further, and show that there was no holding out of a partnership by him, or that plaintiffs had knowledge of the true situation notwithstanding a holding out to the world, or that the sale was not made by plaintiffs in reliance upon the holding out. Nothing of this sort of testimony was offered, and unless appellant had some such evidence at hand, and there is no suggestion in the record that he had, it would be of no avail to merely adduce proof of the nonexistence of a partnership.

The judgment must be affirmed.